# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JEANETTE KOTZUR, DAVID KOTZUR, | § § § | |
| *Plaintiffs* | § § | SA-19-CV-01165-XR |
| -vs- | § § | |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, BRYANT TULLOUS, MICHAEL ESMAY, | § § § § | |
| *Defendants* | | |

## ORDER

Before the Court are Plaintiffs' Opposed Motion to Remand (ECF No. 6) and Defendant Metropolitan Lloyds Insurance Company of Texas' ("Metropolitan") Response (ECF No. 12). After careful consideration, the Court will GRANT Plaintiff's Motion to Remand.

## BACKGROUND

This case involves an insurance claim dispute arising out of a wind and hailstorm that caused damage to Plaintiffs' property on January 27, 2019. Plaintiffs filed suit on August 20, 2019 in the 225th Judicial District Court for Bexar County, Texas, alleging that the property was insured by Metropolitan and that Metropolitan hired Tullous and Esmay to adjust and investigate their claim. According to Plaintiffs, Defendants failed to properly adjust and investigate, and ultimately Metropolitan wrongfully denied, Plaintiffs' claim for repairs to their property. In their Original Petition, Plaintiffs allege Metropolitan is liable for breach of contract and breach of the duty of good faith and fair dealing, and that all Defendants are liable for violations of Texas Insurance Code Sections 541 and 542.

1

Metropolitan was served with Plaintiffs' Original Petition on August 29, 2019, and timely removed to this Court on September 26, 2019, asserting diversity jurisdiction. Metropolitan alleged in its Notice that the amount in controversy exceeds $75,000, that Plaintiffs are citizens of Texas, that Metropolitan is a citizen of states other than Texas, and that although Defendants Tullous and Esmay are also citizens of Texas their citizenship should be disregarded because they were improperly joined. ECF No. 4 at 2-3.[1] As its basis for improper joinder, Metropolitan argues that Plaintiffs are unable to establish a cause of action against the non-diverse Defendants Tullous and Esmay for violations of the Texas Insurance Code because Plaintiffs' claims are "generic and formulaic" and cannot meet the pleading requirements. ECF No. 4 at 3-4. Plaintiffs timely moved to remand, arguing that this Court lacks subject matter jurisdiction because they asserted viable causes of action against Defendants Tullous and Esmay. ECF No. 6. Metropolitan opposed the motion to remand, asserting for the first time an additional ground for improper joinder: that Metropolitan was electing to accept any liability of Tullous and Esmay under Section 542A.006 of the Texas Insurance Code, thereby mandating their dismissal. ECF No. 12; *see also* ECF No. 11.

**DISCUSSION**

**I.      Legal Standards**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction where the matter

---

[1] Metropolitan's original Notice of Removal (ECF No. 1) failed to distinctly and affirmatively allege citizenship, and so this Court ordered Metropolitan to file an Amended Notice of Removal. ECF No. 3. The Amended Notice (ECF No. 4) corrected the previous deficiencies, and is the subject of Plaintiffs' Motion to Remand and what this Court shall evaluate.

in controversy exceeds $75,000 and is between "citizens of different States." 28 U.S.C. § 1332(a). A civil action "otherwise removable solely on the basis of [diversity] jurisdiction…may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §§ 1441(b)(2).

Diversity jurisdiction typically requires "complete diversity" between all plaintiffs and all defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The judicially created doctrine of improper joinder "constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). If a court finds that a non-diverse defendant has been improperly joined, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

The removing party bears the "heavy burden" of proving improper joinder. *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004). Improper joinder may be established in two ways: (1) actual fraud in the pleading of jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). Where there is no allegation of fraud in the pleadings, a court proceeds under the second prong of this test to assess whether the plaintiff has a "reasonable basis of recovery under state law" against the non-diverse defendant. *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Courts in the Fifth Circuit apply a "12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis of recovery. *Id.* "If a Plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). But, if a plaintiff has not stated a claim for relief against a non-diverse defendant, then that defendant was

improperly joined, and the court may disregard their citizenship. *Allen v. Walmart Stores, LLC*, 907 F.3d 170, 183 (5th Cir. 2018).

In evaluating a motion to remand, a court must resolve "all factual allegations," "all contested issues of substantive fact," and "all ambiguities in the controlling state law" in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). In other words, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). The court must evaluate the removing party's right to remove "according to the plaintiffs' pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of removal."); *Martinez v. Pfizer Inc.*, 388 F.Supp.3d 748, 761 (W.D. Tex. 2019) ("because jurisdiction is fixed at the time of removal, the jurisdictional facts supporting removal are examined as of the time of removal")

**II.    Application**

Here, the parties do not dispute that the amount in controversy exceeds $75,000. They also do not dispute the citizenship of the parties, or that Plaintiffs and Defendants Tullous and Esmay are non-diverse. So, the question for the Court is whether Plaintiffs have stated a claim against a non-diverse defendant. If they have, this Court lacks subject matter jurisdiction and is obligated to remand this action to state court.

In their Original Petition, Plaintiffs allege that Defendants Tullous and Esmay violated the Texas Insurance Code, Sections 541.060 and 542.003(b)(5), and the Texas Administrative Code 21.203(5). Under Section 541.060:

4

> (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:
> (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
> (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:
> (A) a claim with respect to which the insurer's liability has become reasonably clear; or
> (B) a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage unless payment under one portion of the coverage constitutes evidence of liability under another portion;
> (3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;
> (4) failing within a reasonable time to…affirm or deny coverage of a claim to a policyholder…
> (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim…

TEX. INS. CODE § 541.060(a). Texas law permits adjusters like Defendants Tullous and Esmay to be held individually liable for violations of Section 541. *See id.* § 541.151 (authorizing private action for damages caused by "another person"); *id.* § 541.002(2) (defining "person"); *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998); *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007). "But for an adjuster to be held individually liable, the adjuster must have committed an act prohibited by the section, 'not just be connected to an insurance company's denial of coverage.'" *Blas v. Allstate Texas Lloyd's*, No. SA-17-CA-1157-XR, 2018 WL 2245054, at *3 (W.D. Tex. Jan. 11, 2018) (citing *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014)).

Plaintiffs allege that Defendant Tullous was assigned to adjust their claim and conducted an inspection of their property on February 1, 2019. In doing so, Plaintiffs allege Tullous "ignored covered damages to the property" and "conducted an outcome-oriented investigation in

order to deny coverage." Plaintiffs allege that Tullous' inspection formed the basis of Metropolitan's February 5, 2019 denial of coverage letter which stated damage was the result of "wear and tear, aging, and deterioration of the shingles." ECF No. 1-1 ¶ 13. Plaintiffs allege Defendant Esmay conducted an inspection of their property on February 27, 2019 where he indicated to Plaintiffs' representative that there were covered damages by circling hail hits on the roof, that he marked what he believed to be hail related damages on Plaintiffs' roof, and that he reported his findings to Metropolitan. ECF No. 1-1 ¶ 14. Plaintiffs further allege that either Metropolitan ignored Esmay's findings or that Esmay misrepresented to Plaintiffs that there were covered damages to the property. *Id.* Plaintiffs allege that Esmay presented information to Metropolitan that formed the basis of their second letter denying coverage to Plaintiffs. *Id.*

Metropolitan asserts in its Notice of Removal that these allegations are insufficient to establish a cause of action against Defendants Tullous and Esmay, thereby rendering them improperly joined. ECF No. 4 at 3. Metropolitan contends that the allegations against Defendants Tullous and Esmay are "nothing more than bare legal conclusions with a formulaic recitation of the elements of a cause of action." *Id.* at 4.

Many of Plaintiffs' allegations against Defendants Tullous and Esmay do heavily track the statutory language of Section 541.060. "Such conclusory allegations with boilerplate language alone are insufficient to survive a 12(b)(6)-type analysis." *So Apartments, LLC v. Everest Indem. Ins. Co.*, No. CV SA-17-CA-965-XR, 2017 WL 5900965, at *3 (W.D. Tex. Nov. 30, 2017). However, Plaintiffs have pled enough additional, specific allegations as to Defendants Tullous and Esmay as described above such that this Court cannot say that there is no reasonable basis to predict that Plaintiffs might be able to recover against them.[2] *See Trejo v.*

---

[2] The existence of any reasonable basis of recovery under state law is sufficient to survive a claim of improper joinder. Accordingly, because the Court finds Plaintiffs have sufficiently pled a cause of action under Section

*Allstate Fire & Cas. Ins. Co.*, No. SA19CV00180FBESC, 2019 WL 4545614, at *6 (W.D. Tex. Sept. 19, 2019) (granting remand after finding that "although [plaintiff's] Original Petition contains some conclusory and vague statements, it also includes enough factual allegations 'to raise a right to relief above the speculative level.'")

Metropolitan also attempts to argue, for the first time in its Response to Plaintiffs' Motion to Remand, that it "has filed an Election of Legal Responsibility pursuant to Texas Insurance Code §542A.006, in which Metropolitan elected to accept legal responsibility for whatever liability Bryant Tullous and Michael Esmay might have to Plaintiffs for Tullous and Esmay's acts or omissions." ECF No. 12 at 3. Metropolitan did not file such election until October 30, 2019, more than a month after its initial Notice of Removal. *See* ECF No. 11. Such an election made for the first time post-removal cannot confer diversity jurisdiction, because "jurisdiction is fixed at the time of removal." *Martinez*, 388 F.Supp.3d at 761; *see also Pullman*, 305 U.S. at 537; *Gebbia*, 233 F.3d at 883. Such a finding is consistent with this Court's recent opinion denying remand in a case where an insurer made its election post-suit but pre-removal. *See Bexar Diversified MF-1, LLC v. General Star Indem. Co.*, 5:19-CV-00773-XR, Order Denying Motion to Remand, ECF No. 9 (W.D. Tex. Nov. 18, 2019).[3]

---

541.060, the Court will not evaluate other potential claims Plaintiffs may have raised against Defendants Tullous and Esmay.

[3] There are three distinct factual scenarios where insurers have raised an election under Section 542A.006 as a basis for improper joinder and thus diversity jurisdiction. First, where an insurer elects to accept liability for a non-diverse agent pre-suit, all courts to consider the issue have agreed that the non-diverse agent is improperly joined. *See Bexar Diversified*, 5:19-CV00773-XR, ECF No. 9 at 5 (collecting cases that deny remand on this basis). Second, where an insurer elects post-suit but pre-removal to accept liability "and that election establishes the impossibility of recovery against the non-diverse defendant in state court <u>at the time of removal</u>" this Court holds the non-diverse defendant improperly joined, while other courts have disagreed and held the impossibility of recovery must exist at the time of joinder. *See id.* at 5-8 (discussing split authority). Finally, as in this case, an insurer may attempt post-removal to make a Section 542A.006 election. While such an election may have the effect of dismissing the non-diverse defendants in state court, it does not support a finding of improper joinder in federal court because the "jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia*, 233 F.3d at 883.

7

Because Plaintiffs have pled facts that provide the Court a reasonable basis to conclude Plaintiffs may have a valid claim against Defendants Tullous and Esmay, they are not improperly joined parties and their citizenship must be considered when determining diversity jurisdiction. Because Defendants Tullous and Esmay are not diverse from Plaintiffs, complete diversity does not exist, and this Court does not have subject matter jurisdiction over this case. Accordingly, this case may be properly remanded to state court.

## CONCLUSION

The Court finds that Defendants Tullous and Esmay were not improperly joined and hereby GRANTS Plaintiffs' Motion to Remand (ECF No. 6). The Court finds that it lacks subject matter jurisdiction and REMANDS this case to state court pursuant to 28 U.S.C. §§ 1447(c), (d).

It is so ORDERED.

SIGNED this 19th day of November, 2019.

                                      XAVIER RODRIGUEZ
                                      UNITED STATES DISTRICT JUDGE